UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

 BRIAN PERSINA
And JOAN BRAEGES,

                                          Plaintiffs,

     v.                                                              Civil Action No. _____

H & P CAPITAL, INC.,

                                          Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiffs oan Braeges and Joan Braeges are natural persons residing in the County of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, H & P Capital, Inc., (hereinafter "H & P") is a profit corporation organized and existing under the laws of the State of Florida and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff, Brian Persina, incurred a debt to Kay Jewelers. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief Defendant was employed by Kay Jewelers to collect on the subject debt.

13. That in or about June, 2011, Defendant began calling Plaintiff, Joan Braeges, in an attempt to collect on the subject debt.

14. That during the first of these aforementioned calls, Plaintiff informed Defendant that Brian Persina did not reside with her. Defendant disclosed Plaintiff Brian Persina's alleged debt to Plaintiff Joan Braeges and asked her if she had access to Brian Persina's bank accounts. Plaintiff Joan Braeges informed the Defendant that she did not have access to her grandson' bank account and would not provide them with any information regarding the account even if she could.

15. Defendant also stated to Plaintiff Joan Braeges, that Plaintiff Brian Persina's wages will be garnished and a lien will be placed against his truck.

16. Plaintiff Joan Braeges ended the conversation by requesting that the Defendant no longer contact her as Brain Persina did not reside with her.

17. That despite Defendant's statements, they had not been authorized by Kay Jewelers to pursue legal action against Plaintiff, Brian Persina, and did not intend to do so.

18. That Plaintiffs understood Defendant's aforementioned statements, and the "least sophisticated consumer," as that term is defined by law, would have understood said statements to imply that Defendant would commence legal/adverse actions against Plaintiff or his property unless he submitted to Defendant's demands.

19. That on or about July 21, 2011, Defendant left a voice message on Plaintiff Joan Braeges residential answering machine. Plaintiff Joan Braeges called the Defendant back and was informed by the Defendant that she was responsible for the alleged debt.

20. That as a result of Defendant's acts Plaintiffs became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

21. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 20 above.

22. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

   A. Defendant violated 15 U.S.C. §1692d, 15 U.S.C. §1692d(2) and 15 U.S.C. §1692d(5) by using language the natural consequence of which is to abuse the hearer as described in paragraphs 14 and 15 as well caused Plaintiff Joan Braeges telephone to ring or engaged in conversations with the intent to annoy, abuse, or harass the Plaintiffs.

   B. Defendant violated 15 U.S.C. §1692b(1), by failing to identify themselves when talking to Plaintiff, Joan Braeges, and by calling Plaintiff, Joan Braeges, for reasons other than to confirm or correct location information.

   C. Defendant violated 15 U.S.C. §1692b(2), by disclosing the existence of the alleged debt to Plaintiff Joan Braeges.

   D. Defendant violated 15 U.S.C. §1692b(3), by contacting Plaintiff Joan Braeges after she instructed the Defendant to stop calling her.

   E. Defendant violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(11) by failing to give the mini-Miranda warning that a debt collector was calling in an attempt to collect a debt in the multiple messages left for Plaintiffs.

   F. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(5) and 15 U.S.C. §1692e(10) by using false and misleading representations when stating Plaintiff Brian Persina's wages would be garnished and a lien placed against his truck as well as stating to Plaintiff Joan Braeges that she was individually responsible for the alleged debt.

   G. Defendant violated 15 U.S.C. §1692g by failing to send a 30-day validation notice to the Plaintiffs within five days of the initial communication.

23. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a)  Actual damages;

(b)  Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d)  For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: October 7, 2011

/s/ Seth J. Andrews
Kenneth R. Hiller, Esq.
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiffs*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
          sandrews@kennethhiller.com